IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

AMANDA GILLIAM, )
 )
      Plaintiff, )
 )
v. ) No. 2:10-CV-017
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
      Defendant. )

## MEMORANDUM OPINION

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Errors in the administrative decision below leave this court unable to conduct a satisfactory substantial evidence review. Plaintiff's motion for summary judgment [doc. 8] will therefore be granted to the extent she seeks remand under sentence four of § 405(g).[1] The Commissioner's motion for summary judgment [doc. 10] will be denied.

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

I.

*Procedural History*

Born in 1983, plaintiff, who stands 5'4" tall and weighs up to 270 pounds, applied for benefits in October 2007. [Tr. 86, 105, 189]. She claims to be disabled by the following conditions: "Bipolar, slow learner, lower back problems. I can not sit or stand for long periods, I easly [sic] loose [sic] temper and say and do things I shouldn't do. I do not have the education needed to do a lot of jobs." [Tr. 106]. Plaintiff alleges a disability onset date of June 1, 2004. [Tr. 86]. Her application was denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") in May 2009.

On September 1, 2009, the ALJ issued a decision denying benefits. He found that plaintiff has the severe impairments of "chronic back pain, obesity, anxiety disorder, not otherwise specified, impulse control disorder, and personality disorder." [Tr. 13]. The ALJ further found plaintiff to have the residual functional capacity ("RFC") to perform light work restricted to "simple, unskilled jobs not requiring interaction with the public." [Tr. 15]. Relying on vocational expert ("VE") testimony, the ALJ concluded that plaintiff remains able to perform a significant number of jobs existing in the national economy. [Tr. 17]. Plaintiff was thus ruled ineligible for SSI benefits.

Plaintiff then sought, and was denied, review by the Commissioner's Appeals Council. [Tr. 1]. The ALJ's ruling therefore became the Commissioner's final decision. *See*

20 C.F.R. § 416.1481. Through her timely complaint, plaintiff has properly brought her case before this court for review. *See* 42 U.S.C. § 405(g).

II.

*Analysis*

This court's review is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

A. Remand

Plaintiff argues: (1) that the ALJ insufficiently explained his rejection of certain opinion evidence pertaining to her mental health; and (2) that the ALJ's RFC findings were inconsistent with the hypothetical question he presented to the VE at the administrative hearing, thus rendering his decision unsupported by substantial evidence. The court agrees. "[T]he ALJ's imprecise finding is essentially unreviewable by this court since it is impossible to determine what evidence the ALJ credited and what evidence he rejected." *McCoy v. Dir., Office of Worker's Comp., Dep't of Labor*, No. 88-3926, 1989 WL 128684, at *2 (6th Cir. Oct. 30, 1989).

At the administrative hearing, plaintiff's attorney questioned the testifying VE. Counsel accurately cited a list of "moderate" psychological impairments found in the July 8, 2008 consultative examination report of Dana Skaggs, M.A. and the October 2008 Mental RFC Assessment of Dr. Frank Kupstas. [Tr. 38, 196, 224-25]. The VE testified that those moderate impairments would cumulatively render plaintiff unemployable. [Tr. 38].

The ALJ did not address that testimony in his decision, nor did he adequately explain his rejection of the cited opinion evidence. The record contains no treating source opinions. Unless a treating source's opinion receives controlling weight, an administrative law judge "must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant . . . , as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources . . . ."). *See* 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii).

The ALJ's decision does not address Ms. Skaggs' July 8, 2008 conclusions at all. [Tr. 14-16]. The ALJ purported in his decision to give "[s]ignificant weight" to Dr. Kupstas's assessment, but the cursory mention of that opinion focuses almost exclusively on the positives. [Tr. 16]. The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978).

Plaintiff is also correct that the ALJ's RFC findings do not match the hypothetical question presented to the VE. At the administrative hearing, the ALJ asked the

4

VE to presume a hypothetical claimant limited, in relevant part, to jobs "that would not require *frequent* interaction with the public." [Tr. 37] (emphasis added). The VE responded by listing jobs that the hypothetical claimant could perform. [Tr. 37]. The ALJ relied on that testimony in finding plaintiff "not disabled." [Tr. 17]. The ALJ characterized the VE testimony as having been given in response to questioning consistent with "the claimants's . . . residual functional capacity." [Tr. 17]. However, the actual RFC found in the ALJ's decision is not for a claimant limited to no more than *frequent* interaction with the public, but is instead for a claimant who cannot perform work "requiring interaction with the public." [Tr. 15]. That is a restriction from interacting with the public *at all* - a far cry from the hypothetical question that elicited the controlling vocational evidence in this case.

Although plaintiff does not challenge the findings below pertaining to her *physical* condition, the ALJ's treatment of the limited physical opinion evidence further illustrates the less-than-detailed manner in which plaintiff's claim was resolved. The only physical opinion evidence of record is the July 2008 RFC Assessment by Dr. John Fields, who found plaintiff capable of performing medium exertion. [Tr. 198-205]. The ALJ gave "little weight" to Dr. Fields' opinion [Tr. 16] and instead restricted plaintiff to light work. [Tr. 15]. The ALJ's decision offers no insight as to how he reached that conclusion. [Tr. 15-16]. To be certain, this discrepancy favors plaintiff, as the ALJ found her to be more limited than the record would suggest. The court cites this issue merely to further point out the absence of explanation in the ALJ's ruling.

5

"[A] fair trial in a fair tribunal is a basic requirement of due process. . . . [and] [t]his applies to administrative agencies which adjudicate as well as to courts." *Withrow v. Larkin*, 421 U.S. 35, 46 (1975) (quotation and citation omitted). "[T]he ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). Irrespective of the particular merits of a case, and irrespective of any apparent credibility issues, Social Security claimants are entitled to "a careful evaluation of the medical findings . . . and an informed judgment . . .." *See, e.g.,* SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996). As part of any "careful evaluation" and "informed judgment," an ALJ is required to set forth a valid basis for rejecting the opinions of treating, examining, and nonexamining sources. *See Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987); 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii). The discrepancies in the decision below are not suggestive of "careful evaluation" or "informed judgment." Rather, the decision is imprecise to the point of being "essentially unreviewable." *See McCoy*, 1989 WL 128684 at *2.

The Commissioner correctly points out that an ALJ "is not required to mention every piece of evidence but must provide an accurate and logical bridge between the evidence and the conclusion that the claimant is not disabled." *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (citation and quotation omitted). However, that bridge was not built in this case, as is necessary "so that as a reviewing court, we may assess the validity of the

agency's ultimate findings and afford [the] claimant meaningful judicial review." *Id.* Remand of this matter is therefore necessary for cure of the defects cited herein.

B. <u>Reversal</u>

To the extent that plaintiff asks this court to award benefits rather than remanding her case, the request will be denied. A reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id*.

The present record does not contain "overwhelming" proof of disability, and contrary evidence exists. For example, plaintiff heavily relies on the July 2008 report by Ms. Skaggs, whose opinions were in part based on "likely mentally retarded intellectual functioning." [Tr. 196]. The following month, however, Ms. Skaggs administered intelligence testing. The results of that testing do not indicate mental retardation. [Tr. 206-08].

The court further notes that in August 2007 plaintiff was evaluated by LCSW Myra Edgeworth during a three-day incarceration for domestic assault. Ms. Edgeworth noted that plaintiff demonstrated good attention. Plaintiff was cooperative, and her cognitive memory was within normal limits. [Tr. 167]. Those observations suggest that plaintiff is not

as limited as she conveyed to Ms. Skaggs.

There are other inconsistencies evident in plaintiff's self-reporting. For example, to Ms. Edgeworth plaintiff "adamantly denie[d]" current or prior suicidal ideation. [Tr. 167-68]. However, to Ms. Skaggs plaintiff claimed a substantial history of suicide attempts. [Tr. 195]. This inconsistency, again, suggests that plaintiff may not be as limited as she conveyed to Ms. Skaggs.

As noted, plaintiff claims to be disabled in part because, "I easly [sic] loose [sic] temper and say and do things I shouldn't do." [Tr. 106]. It is difficult on the present record to discern which of plaintiff's problems are psychological rather than behavioral [Tr. 137, 167-68, 193], and that uncertainty is of particular concern to the court given plaintiff's significant history of alcohol and drug abuse. [Tr. 168, 194]. Mere misbehavior is not grounds for an award of SSI benefits.

For these reasons, the court is not satisfied that "all essential factual issues have been resolved [or that] the record adequately establishes [] plaintiff's entitlement to benefits." *Faucher,* 17 F.3d at 176. Accordingly, benefits cannot be awarded by this reviewing court at this time. *See id*.

IV.

*Conclusion*

Because plaintiff's administrative proceedings appear to have been "so superficial as to deny [her] due process," *Lashley*, 708 F.2d at 1051, the final decision of the

8

Commissioner will be reversed and remanded for reevaluation consistent with the issues discussed in this opinion. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge